## FERRY & Another *v.* LIVINGSTON.

## LIVINGSTON *v.* FERRY & Another.

**IN ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE EASTERN DISTRICT OF MICHIGAN.**

Argued November 19, 1885.—Decided December 7, 1885.

In this case, on the facts found, under Schedule N of section 2502 of Title XXXIII. of the Revised Statutes, as enacted by section 6 of the act of March 3, 1883, ch. 121, 22 Stat. 489, imposing a duty of 20 per cent. ad valorem on "garden seeds, except seed of the sugar beet" and under "The Free List" in section 2503 of the same Title, as enacted by said act of 1883, embracing "seeds of all kinds, except medicinal seeds not specially enumerated or provided for in this act," certain beet and cabbage seeds were held to be "garden seeds" and subject to 20 per cent. duty, and certain mangel-wurzel and turnip seeds were held not to be "garden seeds," and to be exempt from duty.

The facts are stated in the opinion of the court.

*Mr. Otto Kirchner* for Ferry & Another.

*Mr. Solicitor-General* for Livingston.

Mr. Justice Blatchford delivered the opinion of the court.

The question involved in this suit is as to whether under the present tariff of duties on imported merchandise, certain mangel-wurzel, turnip, beet, and cabbage seeds are subject to a duty of 20 per cent. ad valorem, or are free.

In the Revised Statutes, as enacted in 1874, Title XXXIII., section 2504, Schedule M, p. 480, 2d ed., there was the following provision as to duty: "Plants. Fruit, shade, lawn, and ornamental trees, shrubs, plants; and flower seeds, not otherwise provided for; garden seeds, and all other seeds for agricultural and horticultural purposes, not otherwise provided for: twenty per centum ad valorem." In "The Free List," section 2505, p. 488, 2d ed., exempt from duty, were the following: "Seeds: cardamon, caraway, coriander, fenugreek, fennel, cummin, and other seeds, not otherwise provided for. Seeds.: anise, anise star, canary, chia, sesamum, sugar-cane, and seeds of forest trees."

By section 6 of the act of March 3, 1883, ch. 121, 22 Stat. 489, new sections, numbered from 2491 to 2513, both inclusive, were substituted, on and after July 1, 1883, for Title XXXIII. of the Revised Statutes, thus repealing sections 2491 to 2516, both inclusive, of the Revised Statutes. In section 2502, Schedule N, as enacted in 1883, is the following provision for duty, p. 513: "Garden seeds, except seed of the sugar-beet, twenty per centum ad valorem." In "The Free List," section 2503, exempt from duty, are the following: "Plants, trees, shrubs, and vines of all kinds, not otherwise provided for, and seeds of all kinds, except medicinal seeds not specially enumerated or provided for in this Act." p. 520. "Seed of the sugar-beet." p. 521. In section 2502, Schedule A, p. 494, a duty of 10 per centum ad valorem is imposed on "seeds (aromatic, not garden seeds), and seeds of morbid growth, . . . which are not edible, but which have been advanced in value or condition by refining or grinding, or by other process of manufacture, and not specially enumerated or provided for in this Act." In "The Free List," section 2503, exempt from duty, are the following, p. 517: "Seeds aromatic, and seeds of morbid growth, . . . which are not edible and are in a crude state, and not

advanced in value or condition by refining or grinding, or by any other process of manufacture, and not specially enumerated or provided for in this Act."

The question involved depends upon the mean'ng of the words "garden seeds;" and, with a view to determine whether that designation in the statute includes the seeds covered by this suit, it will be useful to see what was the course of decisions by the Treasury Department, under the act of 1883, prior to the importation in this case, which was in December, 1884.

On November 2, 1883, 29 Int. Rev. Rec. 410, the Department decided that flower seeds were not to be regarded as "garden seeds," but were free, on the view that the term "garden seeds" was to be "generally confined to those seeds which are produced from edible plants, and does not extend to flower seeds."

Subsequently, a collector exacted a duty of 20 per cent. on pease imported as seeds, and not for consumption as vegetables, and, the question being presented whether they were "garden seeds," the Department, on November 27, 1883, 29 Int. Rev. Rec. 419, made this ruling: "The general and not the exceptional use must determine the classification of the article. As a rule, pease, beans, and many other vegetable products are more largely sown in the field or farm than in the garden, although some varieties may be specially adapted for garden planting. It is held by the Department, that all pease and beans imported for seeds are entitled to free admission under the provision in the free list . . . for seeds of all kinds not specially enumerated or provided for in that act. . . . I may add, for your further information, that the Department regards seeds such as barley, beans, *beets*, carrots, *cabbage*, clover, corn, cane, grass, *mangel-wurzel*, oats, onions, potatoes, pumpkins, rye, tobacco, *turnip*, wheat, and other like products, as belonging to the category of agricultural seeds which are not garden seeds; and that seeds of the artichoke, asparagus, borecole, Brussels sprouts, cauliflower, celery, cucumber, egg-plant, lettuce, leek, okra, parsley, pepper, rhubarb, radish, salsify, and tomato belong to the category of garden seeds. It is impossible to enumerate all the seeds which belong

to either of these divisions in detail, and the above is given for information as to the principle upon which collectors of customs must act."

It is thus seen that these instructions classified beet, cabbage, mangel-wurzel, and turnip seeds, as free, because not garden seeds; and as not garden seeds, because they were agricultural seeds, and were more largely sown in the field or farm than in the garden, and because the general use and not the exceptional use must determine the classification.

On December 28, 1883, a collector having exacted a duty on *cabbage* seeds and *beet* seeds as garden seeds; the Department, 30 Int. Rev. Rec. 24, referring to its decision of November 27, 1883, held that the seeds were free, and directed the duty to be refunded.

On March 8, 1884, the Department, 30 Int. Rev. Rec. 77, held that lettuce seeds and spinach seeds were dutiable as "garden seeds;" and, on March 18, 1884, Id. 95, it held that nasturtium seeds, being generally planted in gardens, and producing not only flowers, but seeds or berries which, when green, are largely used for cooking purposes, and in the manufacture of sauces, were dutiable as "garden seeds."

Afterwards, a collector exacted a duty of 20 per cent. on certain beans, as "garden seeds." On the view that they were the seeds of the bean plant, and were intended for food or for planting or sowing, the Department, on March 28, 1884, 30 Int. Rev. Rec. 109, reconsidered to some extent its rulings of November 27, 1883. It held that the beans, being edible, were not within the specific provisions as to beans, which made beans not edible free of duty; and that they were not vegetables, but were the seeds of a vegetable. On the question of whether they were "garden seeds," it is said: "In common speech, 'garden seeds' are seeds used either for planting or sowing in the gardens adjacent to dwelling-houses, small spaces of land, and in the large spaces of land called market gardens, lying about cities or other large places of numerous and condensed population. The common notion of garden seeds is this, that they are those from which are raised, in the growing season of the year, the vegetable

products which, before complete maturity, are used upon the t⌐.ole as part of the customary food of mankind, and in distinc-tion from those seeds which, sowed or planted on a broader scale in the fields, produce the vegetables which are stored for winter use as food.   Yet it is to be taken note of, that, by ex-tended field culture, there is produced much of the seed which finds its way to market and to sale as 'garden seeds,' in the common notion thereof above stated.   It is not easy, there-fore, to say of any importation, on general principles, that it is of garden seeds or of field seeds, nor to frame a rule, on gen-eral principles and general knowledge, which will always ex-actly apply.   We are constrained, therefore, to see if we can, by interpretation, get at the purpose of Congress, and if it did not intend to charge the phrase 'garden seeds,' in paragraph 465, with an arbitrary meaning.   It has made an exception of the seed of one vegetable from the general expression ' garden seeds.'   It must have been thought by Congress that there was need of that exception, or that else the seed excepted would properly and necessarily be treated by the administrative of-ficers of the government as 'garden seeds.'   It follows, then, that Congress thought that seeds like the seed of the sugar-beet were ' garden seeds.'   We have, then, an idea of what kind of seeds Congress meant when it spoke the phrase ' gar-den seeds.'   Now, the sugar-beet is not a plant or a vegetable exclusively, nor mostly, of the growth of gardens.   It is, on the contrary, mostly the growth of the field or of the market garden.   If the sugar-beet is, in the view of Congress, a gar-den plant or vegetable, as well as, or in contrast with, a field plant, and its seed garden seed as well as, or in contrast with, field seed, surely the bean is, in legislative contemplation, a garden plant or vegetable, and the bean of the market, which is the seed of the bean plant, is a garden seed, as well as, or rather than, a field seed.   We know that, in fact, the bean, as a seed of the bean plant or vegetable, is planted in the garden, and is largely planted in the field also ; in the former case, generally, to be eaten green in the pod, as a green esculent,- though sometimes, as with lima beans, in the form of the seed

of the plant ; in the latter case, for the production of seed for subsequent planting, and for food in the form of the matured seed. It is to be noticed, too, that elsewhere in the act, when ' garden seeds ' are mentioned, they are so in contrast or opposition to seeds which are not of the character of beans or other seeds used for sowing or planting both in field and garden. As, in paragraph 94, where the phrase is ' seeds (aromatic, not garden seeds),' and ' seeds of morbid growth ; ' and so, in paragraph 636, the seeds put in the free list are ' seeds aromatic, and seeds of morbid growth.' As the beans are garden seeds in some of the uses of them, and as it is to be got, by interpretation, that Congress meant to include such seeds as that of the bean in the phrase ' garden seeds,' in paragraph 465, the conclusion must be that the article under consideration is properly classified under paragraph 465. This ruling applies equally to pease, and the duty of 20 per cent. ad valorem will, therefore, be exacted on both, on entries of such merchandise."

On November 8, 1884, the Department, 30 Int. Rev. Rec. 357, ruled that *beet*, carrot, *cabbage*, onion, and *turnip* seeds were dutiable at 20 per cent. ad valorem, as " garden seeds."

This reversed the prior rulings of November 27, 1883, and, under the new ruling a duty of 20 per cent. was imposed by William Livingston, Jr., collector of customs at Detroit, Michigan, on importations, by D. M. Ferry & Co., a corporation, of mangel-wurzel, turnip, beet, and cabbage seeds, entered at the custom-house at Detroit, in December, 1884. The importer, claiming that all the seeds were exempt from duty, brought a suit, in the Circuit Court of the United States for the Eastern District of Michigan, against Livingston, to recover $560.40, which had been paid as the duty. The case was tried before the court without a jury, and, on special findings of fact, the court held that the mangel-wurzel and turnip seeds, the duty exacted on which amounted to $332.60, were exempt from duty ; and that the cabbage and beet seeds, the duty exacted on which amounted to $227.80, were subject to that duty. A judgment having been entered against Livingston

for $332, he and Ferry & Co. have each brought a writ of error.

The facts found by the court, so far as they need be recited, were these : " That beets, except sugar-beets, are almost altogether raised from seeds of the kind in the declaration mentioned, in gardens, for the table, although they are also raised in fields, for cattle, to a limited extent. That mangel-wurzels are cultivated wholly in fields, from seeds of the kind in the declaration mentioned, and not in gardens, and they are not used as food for man, but for cattle. That turnips are largely raised from seed of the kind in the declaration mentioned, in fields, for cattle, and comparatively small quantities are also raised in gardens, for the table, the proportion being at least twenty to one. Most of those consumed on the table are raised in fields. That cabbages are cultivated from seeds of the kind in the declaration mentioned. in fields as well as in gardens. They are used to a small extent as food for cattle, but to a much larger extent as food for man. That turnip seeds, beet seeds, and cabbage seeds generally are, and have been, catalogued, by prominent seedsmen in America, England, and Germany, both as garden and agricultural seeds." On these facts, the Circuit Court found, as conclusions of law, (1) that the turnip and mangel-wurzel seeds were not garden seeds, and were not subject to any duty; (2) that the cabbage and beet seeds were garden seeds, and subject to the duty exacted.

The contention, on the part of Ferry & Co., is, that, if the seeds which are cultivated in the garden are also cultivated in the field, they are not " garden seeds," within the statute, but, being field seeds, are free, as being seeds not otherwise provided for, that is, not provided for as " garden seeds ; " and that, otherwise, seeds which are cultivated in both garden and field would at the same time be subject to duty and be free. In this view, it is claimed by Ferry & Co. that, as the Circuit Court has found that beet and cabbage seeds are cultivated in fields as well as gardens, they are exempt from duty. But we are unable to concur in this view. In the superseded Title XXXIII. of the Revised Statutes, a duty of 20 per cent. was imposed on flower seeds, " garden seeds, and all other seeds for

agricultural and horticultural purposes, not otherwise provided for," while the free list included only seeds "not otherwise provided for." In the act of 1883, the duty of 20 per cent. on "garden seeds, except seed of the sugar-beet," was left, while the exemption from duty was enacted to cover "seeds of all kinds, except medicinal seeds not specially enumerated or provided for in this act." From this change in the statute, it cannot be inferred that seeds which are used for agricultural purposes are to be exempt from duty because of such use, if they are also used for garden purposes. The inference would rather be that, if they are used at all for garden purposes, they are subject to 20 per cent. duty, although they are also used for agricultural purposes.

But we are of opinion that the conclusion arrived at by the Circuit Court, based on the facts it found, was correct. Beets, other than sugar-beets, being almost altogether raised in gardens, although raised to a limited extent in fields, their seeds are "garden seeds." Mangel-wurzels being cultivated wholly in fields, and not in gardens, their seeds are not "garden seeds." Turnips being largely raised in fields, and comparatively small quantities being also raised in gardens, their seeds are not "garden seeds." As to the cabbage seeds, it is found that cabbages from the seeds in question are cultivated in both gardens and fields, and, while it is not found which is the larger in proportion, it is found that cabbages are used to a small extent as food for cattle, but to a much larger extent as food for man; and, in the absence of any finding that the seed in question belongs to a variety which is not intended to raise cabbages to be consumed by man, it must be regarded as a "garden seed."

We are unable to concur in the view that the free list in the act of 1883 is to be read as including seeds of all kinds, with the exception of medicinal seeds which are not specially enumerated or provided for in the act. The proper reading is, that it includes seeds of all kinds (other than medicinal seeds) which are not specially enumerated or provided for in the act. Garden seeds are specially provided for.

As this case rests for decision on the facts found, it is not

possibl for this court to lay down any general rule which will apply to cases differing in their facts from this case.

*The judgment of the Circuit Court is affirmed, the plaintiff in error in each case to pay the clerk's costs taxed therein, and the plaintiff in error in No. 875 [Ferry & Another v. Livingston] to recover one-half of the expense of printing the record, paid by it.*