HUNTER & Co. *et al. v.* UNITED STATES (No. 1150).[1]

MAGGI'S SOUPS IN TABLETS—VEGETABLES, PREPARED.

The fact that these tablets are vegetables prepared for soup does not take them out of the category of "vegetables, prepared," paragraph 252, tariff act of 1909. The evidence is insufficient to overcome the presumption that the collector's decision was correct.

United States Court of Customs Appeals, December 15, 1913.

APPEAL from Board of United States General Appraisers, Abstract 31611 (T. D. 33263), Abstract 31850 (T. D. 33304).
[Affirmed.]

*Brown & Gerry* for appellants.
*William L. Wemple,* Assistant Attorney General (*Charles E. McNabb*, assistant attorney, of counsel; *William A. Robertson*, special attorney, on the brief), for the United States.

Before MONTGOMERY, SMITH, BARBER, DeVRIES, and MARTIN, Judges.

SMITH, Judge, delivered the opinion of the court:

Two importations of merchandise invoiced as "Maggi's soups in tablets" were classified by the collector of customs at the port of New York as prepared vegetables and were accordingly assessed for duty at 40 per cent ad valorem under the provisions of paragraph 252 of the tariff act of 1909, which said paragraph reads as follows:

252. Vegetables, if cut, sliced, or otherwise reduced in size, or if parched or roasted, or if pickled, or packed in salt, brine, oil, or prepared in any way; any of the foregoing not specially provided for in this section, and bean stick or bean cake, miso, and similar products, forty per centum ad valorem.

As to one of the importations the importers protested that the article was not a mere vegetable as classified, but a nonenumerated manufactured article, dutiable at 20 per cent ad valorem under paragraph 480, in accordance with Abstract 26680 (T. D. 31883).

As to the other importation the importers protested that the goods were dutiable under other paragraphs of the law and at lesser rates than the paragraph under which they had been assessed. The real ground of protest, however, upon which the importers relied in both cases, was the claim that the merchandise was a nonenumerated man-

[1] Reported in T. D. 34004 (25 Treas. Dec., 688).

ufactured article, dutiable at 20 per cent ad valorem under the provisions of paragraph 480, which paragraph, in part, reads as follows:

480. That there shall be levied, collected, and paid * * * on all articles manufactured, in whole or in part, not provided for in this section, a duty of twenty per centum ad valorem.

The Board of General Appraisers overruled the protests and the importers appealed.

The collector classified the merchandise as prepared vegetables. From the evidence adduced by the importers at the hearing before the board it appeared that the tablets are "vegetables prepared for soup," but as to how the goods are made up, or whether meat, bacon, or anything other than vegetables enters into their composition is not disclosed by the record. The fact that the tablets are vegetables prepared for soup does not take them out of the category of "vegetables, prepared." Nix *v.* Hedden (149 U. S., 304, 307).

On the case as it stands we can not say that the presumption of correctness attaching to the collector's decision has been overcome, and much less can we say that the goods are dutiable under any of the paragraphs claimed by the importers in their protests.

The decision of the Board of General Appraisers is *affirmed.*