ANDERSON & Co. *v.* UNITED STATES (No. 1504).[1]

1. SIMILITUDE CLAUSE.

The similarity required by the general similitude clause is one either of quality, material, texture, or use to which the article may be applied, but there may be similarity in other respects, such as in the manner of production or composition.

2. MAGGI'S DESICCATED SOUP TABLETS.

The provisions of paragraph 252, tariff act of 1909, were so enlarged as to include bean stick, bean cake, miso, and similar products, and whether "vegetables prepared in any way" is broad enough to cover the importation it is clear that this product is so similar to bean stick and bean cake that it falls within the "similar products" of the paragraph.

---

United States Court of Customs Appeals, April 14, 1915.

APPEAL from Board of United States General Appraisers, Abstract 36950 (T. D. 34933).

[Affirmed.]

*Allan R. Brown* for appellants.

*Bert Hanson*, Assistant Attorney General (*Robert Hardison*, special attorney, on the brief), for the United States.

Before MONTGOMERY, SMITH, BARBER, DE VRIES, and MARTIN, Judges.

MONTGOMERY, Presiding Judge, delivered the opinion of the court:

The importation in this case is described in the invoices as "Maggi's desiccated soup in tablets." The samples introduced are labeled "Maggi's soups," and bear also the name of the particular kind of flavor, such as "pease and haricots," "white haricots," and "green pease." They are intended for use in making soup for human consumption. They were assessed as prepared vegetables under paragraph 252 of the tariff act of 1909, and are claimed to be dutiable as unenumerated manufactured articles under paragraph 480. There were other claims made in the protest, but the issue made in this court is presented by reference to these two paragraphs. The Board of General Appraisers overruled the protest, and the importer appeals.

The record discloses that the substance of which these tablets are composed is wholly vegetable, and the name accorded them would indicate that they are made from pease and haricots, which latter are a form of, or at least closely related to, string beans.

The same article was before the court in Hunter *v.* United States (5 Ct. Cust. Appls., 32; T. D. 34004), and we there held that the fact that the tablets are vegetables prepared for soup does not take them out of the category of vegetables prepared, and that on the case there presented the presumption of correctness attaching to the collector's decision had not been overcome. The opinion did not enlarge upon the question of whether the manufacture of these vegetable products into the form of tablets had so changed their character as to remove them from the category of vegetables prepared, and as the question is again pressed upon the attention of the court, we deem it proper to state more at length our reasons for the holding.

The paragraph in question reads as follows:

> Vegetables, if cut, sliced, or otherwise reduced in size, or if parched or roasted, or if pickled, or packed in salt, brine, oil, or prepared in any way; any of the foregoing not specially provided for in this section, and bean stick or bean cake, miso, and similar products, forty per centum ad valorem.

In determining whether this product is to be treated as vegetables or as a product similar to bean stick, bean cake, or miso, a history of the treatment of the latter products is important. Bean stick and bean cake have been considered by the Board of General Appraisers in a number of cases and held to be dutiable as prepared vegetables. *In re* Kwong Yuen Hing Co. *et al.* (T. D. 34639); *In re* Guen Way & Co. (T. D. 19095); and *In re* Kwong Lung Yuen *et al.* (T. D. 13207).

The subject came on to be reconsidered by the board under the protest of Wing Sing Wo *et al.* (T. D. 24513), and evidence was adduced in that case which tended to show that in the preparation of bean stick and bean cake the identity of the bean had been lost and the flavor also. The board held that these articles should not be classified as vegetables prepared or preserved under paragraph 241 of the act of 1897.

It is to be observed of this decision, however, that the paragraph for vegetables preserved then had a different form than the one we are now considering. The paragraph there considered was paragraph 241, for—

Beans, pease, and mushrooms, prepared or preserved, in tins, jars, bottles or similar packages, * * *; all vegetables, prepared or preserved, including pickles and sauces of all kinds. * * *

It will be noted that the paragraph we are now considering disassociates the words "vegetables prepared" from the word "preserved" and introduces the new words "in any way." In other words, the present paragraph fixes a duty of 40 per cent on "vegetables prepared in any way," and also, in response to the holding of the board in T. D. 24513, includes in the same paragraph and at the same rate bean stick and bean cake and miso and similar products. The purpose of the change in the paragraph is indicated in Notes on Tariff Revision, 1909 (p. 298), where attention was called to this decision, and it was said that the decision overruled prior decisions "and bean cake, bean stick, and potato cake made by grinding beans or other vegetable substances into flour and applying further processes resulting in articles in which all resemblance to the original vegetable is lost, including apparently its taste, were held not to be dutiable as vegetables prepared or preserved, but as non-enumerated manufactured articles." And it was also said that in T. D. 26938 so-called miso was held to be dutiable as vegetables prepared or preserved. The suggestion was made that these Chinese products are used much in the same way as vegetables are in the making of soups and various dishes and bear a close analogy to prepared vegetables. It was suggested that this paragraph be amended to include such articles.

The case referred to dealing with miso (T. D. 26938) found that the commodity in question was manufactured of beans with the addition of some rice or oats, the whole being salted and subjected to prolonged boiling. This was held to be vegetables prepared or preserved, if not a sauce.

The change made in the paragraph under these circumstances is most significant. The purpose evidently was to enlarge the provisions of the paragraph so as to include such articles as bean stick, bean cake, miso, and similar products, and whether we say that the term "vegetables prepared in any way" is broad enough to cover the

importation, we feel clear that the product is a product so similar in character to bean stick, bean cake, and miso as to fall within the latter provision of the paragraph.

Bean stick and bean cake not only relate to the articles prepared from beans but also to beans in association with other vegetables, and a product which is similar to these is a product which may be prepared for a like use and bear a similarity in form. As is well said in the brief of Government's counsel:

The similarity required by the general similitude clause is one either of quality, material, texture, or use to which it may be applied, but there may be similarity in other respects, such as in the manner of production, composition, etc., that would cause a dutiable association of a given commodity with bean cake under the special catch-all clause, *similar product*, in paragraph 252, when such given commodity could not be dutiably associated with bean cake under the general similitude clause.

And it is suggested in the brief—a suggestion which we think entitled to great weight—that a substantial and insuperable difference between bean stick and bean cake (pulverized beans) and pulverized pease in cakes or tablets is difficult to demonstrate. The mind is at the first suggestion impressed with the similarity in the two products.

When it is considered that beans and pease have always been associated, and when it is considered that the use to which these articles are put, particularly the article miso, in the preparation of soup, it is clear to our minds that the articles here in question are products similar to bean stick, bean cake, and miso.

The similarity of pease to beans is recognized by the authorities. In 1533, as appears from a quotation found in volume 7 of the New English Dictionary (p. 594), it was said:

Elyot Cast. Helthe, "Peasyn are muche in the nature of beanes."

As shown in another quotation in the same title, the two words were associated at an earlier period:

Thare greweth  *  *  *  ne benes, ne pese.

In 1523:

Thy beanes  *  *  *  wolde ranker grounde than pease.

In 1596, Leslie's Hist. Scot.:

Some veet breid of ry,  *  *  *  sum of peise or beanes.

It would be difficult to imagine what force and effect could be given to the words "and similar products" if they are not held to include articles like these, manufactured of substances so similar to that which composes bean stick, bean cake, or miso, which apparently has been subjected to similar processes, and which, in its condition as imported, is designed for the same use as at least one of the articles named in that connection, namely, miso, in the making of soup.

The decision of the Board of General Appraisers is *affirmed*.