(C.D. 2091)

JOHN L. WESTLAND & SON, INC., a/c MICHAEL & CO. *v.* UNITED STATES

United States Customs Court, Second Division

(Decided June 4, 1959)

*Stein & Shostak* (*Richard M. Kozinn* and *Marjorie M. Shostak* of counsel) for the plaintiff.

*George Cochran Doub*, Assistant Attorney General (*Richard E. FitzGibbon* and *Murray Sklaroff*, trial attorneys), for the defendant.

Before LAWRENCE, RAO, and FORD, Judges

LAWRENCE, Judge: Plaintiff protests classification of certain of the merchandise designated on the invoices accompanying the entries covered by the protest herein as "Stove Bolts Less Nuts" as articles or wares not specially provided for, composed wholly or in chief value of steel, in paragraph 397 of the Tariff Act of 1930 (19 U.S.C. § 1001, par. 397), as modified by the General Agreement on Tariffs and Trade, 82 Treas. Dec. 305, T.D. 51802, and the assessment of duty thereon at the rate of 22½ per centum ad valorem.

As to the particular merchandise in issue, plaintiff contends that said articles should properly have been classified as bolts within the purview of paragraph 330 of said act, as modified, *supra*, for which duty at the rate of one-half of 1 cent per pound is provided.

The pertinent provisions of the statute, as modified, read as follows:

Paragraph 397, as modified, *supra*:

Articles or wares not specially provided for, whether partly or wholly manufactured:

```
 *       *       *       *       *       *       *
   Composed  wholly  or  in  chief  value  of  *  *  *  steel
     * * *:
         Woven wire fencing and woven wire netting * * *
 *       *       *       *       *       *       *
   Other  *  *  * _____  22½% ad val.
```

Paragraph 330, as modified, *supra*:

Bolts, with or without threads or nuts, and bolt blanks, of iron or steel _____ ½¢ per lb.

When this case was called for hearing, plaintiff offered in evidence as illustrative exhibit 1 an article which was classified by the collector as a bolt within the provision of paragraph 330 of the Tariff Act, as modified, *supra*. It was agreed by the parties that said article is three-eighths of an inch long and is similar to the items contained in cases 896 and 897 covered by entry 12396, accompanying the protest herein. As plaintiff's illustrative exhibit 2, there was received in evidence an item of merchandise which was classified as an article, not specially provided for, within the basket provision of paragraph 397, as modified, *supra*. It was agreed by the parties hereto that said exhibit is five-sixteenths of an inch long and is similar to the items contained in case 895 covered by entry 12396.

The parties hereto entered into an oral stipulation of fact wherein it was agreed that articles like illustrative exhibit 1 and larger sizes are classified for customs purposes as bolts in paragraph 330, and that such articles, as represented by illustrative exhibit 2, which are less than three-eighths of an inch in length, are classified for duty purposes within the catchall provision of paragraph 397. It was further stipulated and agreed that exhibit 1 and exhibit 2 are made from the same kind of rod and are produced by the same kind of machine, and, in general, have the same use, namely, to fasten items together.

No testimonial evidence was offered by either party and, although a brief was filed on behalf of plaintiff, defendant subsequently submitted written notice to the court that it did not desire to file a brief, although time therefor had previously been requested and granted.

The question presented to the court to determine is whether the imported bolts which are five-sixteenths of an inch in length are any the less bolts for tariff purposes than the three-eighths of an inch bolts which are concededly so classifiable.

The word "bolts," as used in paragraph 330, as modified, *supra*, must be given its common meaning, no commercial designation therefor having been shown. As stated in the case of *United States* v. *John B. Stetson Co.*, 21 C.C.P.A. (Customs) 3, T.D. 46319—

\* \* \* The common meaning to be attached to a term or word used by the Congress in a provision of a tariff act is a matter to be determined by the court having the same under consideration. In making this determination the court may rely upon its own understanding of the word or term used, and it may assist its own understanding by reference to the works of standard lexicographers, scientific authorities, the testimony of witnesses, or by such other means as may be available. \* \* \*

Reference to lexicographic authorities discloses the following definitions—

Webster's New International Dictionary, second edition:

bolt (bōlt), *n.* \* \* \* **5.** A pin or rod, esp. of steel, to fasten or hold something in place, often having a head at one end and a screw thread cut upon the other end. Bolts are given various names according to: (1) The general shape of the head, as *squarehead, slotted, T, eye, ring, etc.* (2) The mode of securing, as *expansion, tap, fox, key, etc.* (3) The use or application, as *carriage, coupling, elevator, hanger, track, stud, stove,* etc. \* \* \* [Italics quoted.]

Audels Mechanical Dictionary:

**Bolt.**—1. A pin of iron or brass used to fasten or secure something in place, the bolt generally having a screw thread for a nut at one end and a forged head at the other.

From the foregoing definitions, it appears that the word "bolt" is defined without limitation as to length and we see no sound reason for holding articles like illustrative exhibit 2 to be any the less bolts than articles such as illustrative exhibit 1 which the parties hereto agreed come within the *eo nomine* tariff classification therefor.

If it were the intent of Congress to limit the provisions of paragraph 330 of the tariff act to bolts of particular lengths, it undoubtedly would have so specified. It is interesting to note that Congress specifically provided in the next succeeding paragraph of the tariff act (paragraph 331) for a distinction in classification predicated on length applicable to nails, spikes, tacks, brads, and staples. In the absence of any showing that it was the congressional intent to limit the provision for bolts in paragraph 330, as modified, *supra*, to such articles when of a particular length, we believe the well-established principle of law applies that where a dutiable provision names an article without terms of limitation all forms of the article

are thereby included. *Smillie & Co.* v. *United States*, 11 Ct. Cust. Appls. 199, T.D. 38966.

Upon the record before the court and for the reasons stated, we find and hold that the stove bolts, without nuts, which were classified by the collector of customs as articles or wares, not specially provided for, composed wholly or in chief value of steel, in paragraph 397 of the Tariff Act of 1930, as modified, *supra*, and assessed with duty at the rate of 22½ per centum ad valorem should properly have been classified as "Bolts, with or without threads or nuts" in paragraph 330 of said act, as modified, *supra*, and subjected to duty at the rate of one-half of 1 cent per pound, as alleged by plaintiff. The claim in the protest is sustained to that extent. All other claims are overruled.

Judgment will be entered accordingly.