(C.D. 2457)

Morris Supply Company *v.* United States

United States Customs Court, Second Division

(Decided May 18, 1964)

*Lawrence & Tuttle* (*Edward N. Glad, Joseph Schwartz*, and *Barnes, Richardson & Colburn* of counsel) for the plaintiff.

*John W. Douglas*, Assistant Attorney General (*Morris Braverman*, trial attorney), for the defendant.

Before LAWRENCE, RAO, and FORD, Judges; LAWRENCE J., not participating

FORD, Judge: The case involved covers certain merchandise, described on the invoice as "Head Cap Screws," which was classified under the provisions of paragraph 397 of the Tariff Act of 1930, as modified by the Sixth Protocol of Supplementary Concessions to the General Agreement on Tariffs and Trade, 91 Treas. Dec. 150, T.D. 54108, and assessed with duty at the rate of 19 per centum ad valorem. The imported merchandise is claimed to be properly subject to duty at the rate of one-half cent per pound under the provisions of paragraph 330 of the Tariff Act of 1930, as modified by the General Agreement on Tariffs and Trade, 82 Treas. Dec. 305, T.D. 51802.

The pertinent portions of the provisions involved herein read as follows:

Paragraph 397 of the Tariff Act of 1930, as modified by T.D. 54108, *supra:*

Articles or wares not specially provided for, whether partly or wholly manufactured:

\*      \*      \*      \*      \*      \*      \*

Composed wholly or in chief value of iron, steel, \* \* \* or other base metal (except lead), but not plated with platinum, gold, or silver, or colored with gold lacquer:

\*      \*      \*      \*      \*      \*      \*

Not wholly or in chief value of tin or tin plate:

\*      \*      \*      \*      \*      \*      \*

Other, composed wholly or in chief value of iron, steel, \* \* \* (except the following: \* \* \* screws, commonly called wood screws, having shanks not exceeding $12/100$ inch in diameter; screws, other than those commonly called wood screws, having shanks or threads not exceeding $24/100$ inch in diameter; \* \* \*) _____ 19% ad val.

Paragraph 330 of the Tariff Act of 1930, as modified by T.D. 51802, *supra:*

Bolts, with or without threads or nuts, and bolt blanks, of iron or steel____ ½¢
per lb..

The record herein consists of the testimony of one witness, called on behalf of the plaintiff, an official sample of a five-eighths inch by 3¼-inch item covered by the invoice, received in evidence as plaintiff's exhibit 1, and a stipulation that the imported merchandise was made of iron or steel. Mr. Willis S. Morris, president of the importing firm, testified that his understanding of the term "bolt" conformed with the definitions set forth in the decision in *John L. Westland & Sons, Inc., a/c Michael & Co.* v. *United States,* 42 Cust. Ct. 229, C.D. 2091, and that the involved merchandise, in his opinion, fell within these definitions; that the merchandise is known as a cap screw, a hexagon-headed machine bolt, or merely under the designation, "bolts."

There has been no attempt to prove a commercial designation. Under settled principles of law, words used in the tariff statutes are considered in accordance with their commercial meaning, which is presumptively the same as the common meaning. *Bakelite Corporation et al.* v. *United States,* 16 Ct. Cust. Appls. 378, T.D. 43117; *Hartmann Trunk Co.* v. *United States,* 27 CCPA 254, C.A.D. 95; *Floral Arts Studio* v. *United States,* 46 CCPA 21, C.A.D. 690.

The common meaning of the word "bolt" is a matter of law to be determined by the court. The testimony on the subject is merely advisory and not binding upon the court, which may draw upon common knowledge or resort to any relevant authority which may serve as a guide to judicial understanding. *Nix* v. *Hedden,* 149 U.S. 304; *United States* v. *Florea & Co., Inc.,* 25 CCPA 292, T.D. 49396; *United States* v. *National Carloading Corp.,* 48 CCPA 70, C.A.D. 767.

The dictionary definitions of the term "bolt," with which the witness herein agreed, in the *Westland* case, *supra,* are as follows:

Webster's New International Dictionary, second edition:

bolt (bōlt), *n.* * * * 5. A pin or rod, esp. of steel, to fasten or hold something in place, often having a head at one end and a screw thread cut upon the other end. Bolts are given various names according to: (1) The general shape of the head, as *squarehead, slotted, T, eye, ring,* etc. (2) The mode of securing, as *expansion, tap, fox, key,* etc. (3) The use or application, as *carriage, coupling, elevator, hanger, track, stud, stove,* etc. * * * [Italics quoted.]

Audels Mechanical Dictionary:

Bolt.—1. A pin of iron or brass used to fasten or secure something in place, the bolt generally having a screw thread for a nut at one end and a forged head at the other.

In *United States* v. *Astra Bentwood Furniture Co.,* 25 CCPA 340, T.D. 49434, the appellate court, in considering the common meaning

of wood screws, reviewed a number of authorities including the following quotations on screws and bolts:

In Machinery's Encyclopedia, Vol. V, pages 324, 327, 328, we find definitions and descriptions deemed particularly pertinent here as to both wood screws and bolts. At page 324 it is said:

Screws and Bolts. Screws and bolts are used in mechanical work for holding two or more pieces together in a fixed position, or as a means of transmitting motion, as when adjusting one part relative to another. They may be divided into a number of *classes* each of which is particularly applicable to a certain kind of work. These *classes* are known as machine screws, cap-screws, studs, set-screws, bolts, and *wood-screws*. These general classes contain *different forms or types*, owing to variations in the shape of the head, etc. [Italics quoted.]

Each of these general classes so named is then described and individual types are given, many of them being illustrated pictorially. Of bolts, the general statement is made:

Bolts.—The difference between a bolt and a screw, according to the *generally accepted meaning* of the term, is that nuts are used on bolts, whereas screws are inserted into tapped holes; there are exceptions, however, to this *general* classification * * *. [Italics quoted.]

The merchandise involved herein is known, among other things, as a "cap screw." Webster's New International Dictionary of the English Language, unabridged (1929), gives the following definitions of this term:

cap screw. A headed bolt used without a nut; a tap bolt.

The term "tap bolt" is defined in said source as:

tap bolt. *Metal Working.* A headed bolt for screwing into a hole, used without a nut. See BOLT, *Illust.*

"Bolt" and "screw" are defined in said source as follows:

bolt * * * 5. A strong pin, of iron or other material, used to fasten or hold something in place, often having a head at one end and a screw thread cut upon the other end. Bolts are of many kinds and are given various names, according to: (1) The general shape of the head, as *cheese head, countersunk head, round head, square head*, etc. (see HEAD). (2) Some peculiarity in the shape of the head, as *eye, ring*, etc. (3) The mode of securing, as *screw, fox, key, jag, bay, clinch*, etc. (4) The use or application, as *belt, bridge, carriage, coupling, elevator, fish, king, roof, stud, stove, tire*, etc. Definitions of such as are distinctive enough to call for special treatment will be found in their vocabulary places. Cf. TAP BOLT, SCREW BOLT, STUD BOLT.

screw * * * 1. Any of several varieties of a common mechanical device consisting in its simplest form of a continuous helical rib or "thread" with the cylindrical shank or spindle from which it projects;—call specif. *external*, or *male, screw*. Also, the corresponding part into which this external, or male, screw advances and fits when the end of it is inserted and the screw turned in the proper direction;—called specif. *internal*, or *female, screw*. This latter may be considered as just enough of the material around the hold to give conformation to the helical rib and depression. Cf. NUT, *n.*, 8. The screw is used in its various forms to unite parts, as of wood or metal, to give an accurate

traversing movement (as in changing the rotary motion of machine wheels into a slow traverse for a feed motion or the like), to give the final adjustments to delicate instruments, to transmit power (esp. when a large mechanical advantage and nonreversible motion are desired), etc. There are many special shapes of threads for machine screws, the common standards being shown in the *Illust.*

Webster's Dictionary, *supra*, gives the following definition of the term "nut":

nut * * * 8. A perforated block (usually a small piece of metal), with an internal, or female, screw thread, used on a bolt, or screw, for tightening or holding something, or for transmitting motion.

While the provisions of paragraph 330 of the Tariff Act of 1930, as modified, *supra*, for "Bolts, with or without threads or nuts," relied upon by plaintiff herein, do not appear to be ambiguous, a review of the foregoing definitions covering cap screws, bolts, screws, tap bolts, and nuts, and many other definitions of the foregoing in various other authorities certainly beclouds the distinction between bolts and screws. However, it would seem that the definitions of the term "cap screw,"* given in the various authorities, overwhelmingly and with few exceptions,** relegate said items to a bolt category, i.e., screw bolt, headed bolt, threaded bolt, or tap bolt. It is also interesting to note that whereas the definition set forth in Machinery's Encyclopedia, *supra*, indicates that nuts are used with bolts in the generally accepted meaning of the term, the dictionary definition of the term, "nut," is indicative of the fact that nuts are also used with screws.

Even if exhibit 1 is designated by name as a screw, i.e., a "cap screw," by definition, it is a bolt. As the Tariff Act of 1930 provides only for screws, commonly known as "wood screws," "cap screws" could not find classification thereunder. Since the imported cap screws by definition are bolts, classification under paragraph 330 of the Tariff Act of 1930, as modified, *supra*, being an *eo nomine* provision, is more specific than the basket provisions of paragraph 397 of the Tariff Act of 1930, as modified, *supra*, under which said merchandise was classified.

Classification of exhibit 1 as a "bolt" does not in any way do violence to the consistent distinction by Congress between "screws" and "bolts." It is obvious that wood screws of other than iron or steel; machine screws; or any other article defined as a "screw" (not commonly called a "wood screw") is properly subject to classification under the provisions of paragraph 397, *supra*. The definition of the term "lag screws," involved in the *Astra Bentwood* case, *supra*, was used interchangeably with the term "wood screw" and, accordingly, was

---

*Hawkins' Mechanical Dictionary (1909); The Century Dictionary and Cyclopedia (1911); Machinery's Encyclopedia (1917); Webster's New International Dictionary, second edition, unabridged (1960); Funk and Wagnalls New Standard Dictionary (1941); Audels Mechanical Dictionary (1942).

**Knight's New Mechanical Dictionary (1883).

held to be properly classifiable under the provisions of paragraph 338 of the Tariff Act of 1930.

Based upon the foregoing and our understanding of the term "bolt," we find that the imported articles are, by definition, bolts which are properly subject to classification under the provisions of paragraph 330 of the Tariff Act of 1930, as modified, *supra*, as claimed herein.

The protest is sustained. Judgment will be rendered accordingly.