(C.D. 3966)

HEADS & THREADS, INC. v. UNITED STATES

United States Customs Court, Second Division

(Decided February 12, 1970)

*Barnes, Richardson & Colburn* (*Joseph Schwartz* of counsel) for the plaintiff. *William D. Ruckelshaus*, Assistant Attorney General (*Harold L. Grossman*, trial attorney), for the defendant.

Before Rao, Ford, and Newman, Judges

Newman, Judge: These sixty-six consolidated protests involve the classification of certain fastening devices called head bolts or cap screws. The merchandise was assessed with duty at the rates of 19 and 22½ per centum ad valorem (depending upon the date of entry) under the basket provision in paragraph 397 of the Tariff Act of 1930, as modified by T.D. 51802 and T.D. 54108, for "Other" articles or wares not specially provided for, wholly or in chief value of iron or steel.

Plaintiff claims that the merchandise is dutiable at the rate of ½ cent per pound as "Bolts, with or without threads or nuts * * * of iron or steel" under paragraph 330 of the Tariff Act of 1930, as modified by T.D. 51802.

The sole issue is whether socket head cap screws are "bolts" within the purview of paragraph 330, as modified. For the reasons discussed, we shall sustain the protests.

At the trial herein, the record in *Heads and Threads, Division of MSL Industries, Inc.* v. *United States*, 61 Cust. Ct. 244, C.D. 3588 (1968),[1] was incorporated on plaintiff's motion. Additionally, plaintiff's case was augmented by the testimony of one witness and five exhibits. The official papers were received in evidence, without marking.

Defendant did not cross-examine plaintiff's witness, nor offer any evidence.

The facts are not in dispute, and may be briefly summarized:

The socket head cap screws consist of a steel pin with a head (or cap) at one end and screw threads at the other end. These articles are used to fasten together two objects either with or without nuts. The cap screws may be torqued or tightened with the use of a key wrench, which is inserted into the socket and turned; or the cap screws may be fastened by the nuts themselves. When the cap screws are used without nuts, they are generally screwed into a threaded piece of metal; when used with nuts, the cap screws are fastened by the nut.

Plaintiff purchased this merchandise as steel bolts or socket head bolts, and sold it as socket head cap screws. In the instant cases, the cap screws are identified on the invoices by the letters "SC" or "SF" or "KSC" or "KSF." The letter "S" indicated that the item was a socket cap screw; the letter "C" that it was a coarse thread; the letter "F" that it was a fine thread; and later, approximately 1957 or 1958, the letter "K" indicated that the size marking no longer appeared on the knurl.

---

[1] The cited case incorporates the earlier record in *Heads and Threads, Division of MSL Industries, Inc.* v. *United States,* 60 Cust. Ct. 308, C.D. 3374, 282 F. Supp. 484 (1968).

Plaintiff's exhibits 1 through 4 are representative of the imported cap screws, excepting for dimensions and the fact that the imported items had markings on the head to indicate their diameter. Plaintiff's illustrative exhibit 5 is a sample of the key used for tightening the cap screws.

This case is, in point of fact, a retrial of the issue in *Heads and Threads, Division of MSL Industries, Inc.* v. *United States*, 60 Cust. Ct. 308, C.D. 3374, 282 F. Supp. 484 (1968), which concerned the classification of certain "hex head cap screws." There, the merchandise was classified by the collector under the basket provisions of paragraph 397 of the Tariff Act of 1930, as modified, and plaintiff claimed that the merchandise was properly dutiable as "Bolts" under paragraph 330, as modified. The court sustained the protest on the basis that "cap screws" fall within the common meaning of the term "bolts" as previously adjudicated in *Morris Supply Co.* v. *United States*, 52 Cust. Ct. 174, C.D. 2457 (1964).

Subsequently, in *Heads and Threads, Division of MSL Industries, Inc.* v. *United States*, 61 Cust. Ct. 244, C.D. 3588 (1968), the parties stipulated that the merchandise therein was similar in all material respects to that involved in C.D. 3374, and that the record of C.D. 3374 be incorporated. Based on the stipulation and upon the authority of the incorporated case of C.D. 3374, the court held in C.D. 3588 that the merchandise was dutiable as bolts under paragraph 330, as modified.

Here, the record in C.D. 3588 has been incorporated (R. 32), which includes the record in C.D. 3374. Except for dimensions and the fact that they do not have the size marking on the head, the merchandise which was the subject of C.D. 3588 is the same as exhibits 1 to 4 in this case (R. 28–29).

The cap screws now in question, as before, consist of a strong pin of steel, used to fasten things, and have a head at one end and a screw thread at the other end. The only difference between the hexagon head cap screws in the prior *Heads and Threads* case, C.D. 3374, and the socket head cap screws in this case, is that socket head cap screws have socket heads instead of solid hexagon heads. Indeed, in defendant's statement requesting that it be relieved from filing a brief (which request was granted), defendant conceded that there is no material difference between the hexagon head cap screws involved in C.D. 3374 and the socket head cap screws now before us.

Although defendant stated during the trial that its defense would be predicated upon proof of commercial designation (R. 8, 35, 38, 42), no testimony ultimately was presented. Plainly, then, as in *Morris Supply Co.*, *supra* and *Heads and Threads*, C.D. 3374, it is the common

meaning of the term "bolts" which is dispositive. The foregoing two cases are controlling precedents that cap screws are within the common meaning of "bolts", and are properly duitable under paragraph 330 of the Tariff Act of 1930, as modified.

The protests are sustained to the extent that the cap screws identified on the invoices by the letters "SC" or "SF" or "KSC" or "KSF" are held dutiable at the rate of ½ cent per pound as "Bolts, with or without threads or nuts * * * of iron or steel" under paragraph 330 of the Tariff Act of 1930, as modified.

Judgment will issue accordingly.