In view of the foregoing, the claims for classification under items 810.10 and 813.10 are sustained.

The entries covered by the protests not included in the complaint are hereby dismissed.

Judgment will be entered accordingly.

(C.D. 4432)

ANDREW FISHER CYCLE CO., INC. *v.* UNITED STATES

(Decided June 14, 1973)

*Donohue & Shaw* (*Charles P. Deem* of counsel) for the plaintiff.

*Harlington Wood, Jr.,* Assistant Attorney General (*Jordan J. Fiske,* trial attorney), for the defendant.

Re, Judge: The question in this case pertains to the proper classification, for customs duty purposes, of certain merchandise imported from 1965 to 1969. The merchandise consists of "spokes and nipples" for bicycle wheels, and was classified by the customs officials as parts of bicycles. Pursuant to item 732.36 of the Tariff Schedules of the United States, as modified by T.D. 68–9, which covers parts of bicycles, the spokes and nipples were held to be dutiable at declining rates of 30 per centum ad valorem to 24 per centum ad valorem, depending upon the date of entry.

Plaintiff has protested the classification and claims that the imported spokes are properly classifiable under item 646.54 of the tariff schedules, as modified, as base metal bolts with their nuts imported in the same shipment, and are therefore properly dutiable at 0.5¢ or 0.4¢ per pound, depending upon the date of entry. Plaintiff claims further that the imported nipples are properly classifiable under item 646.75 of the tariff schedules, as modified, as nuts of base metal other than iron or steel, dutiable at the rate of 23.5 per centum, 21 per centum, or 18.5 per centum ad valorem, depending upon the date of entry.

The following are the pertinent provisions of the Tariff Schedules of the United States:

Classified:

Item 732.36, as modified, T.D. 68–9.
"Parts of bicycles:

|  |  |  |  |  |  |  |
|---|---|---|---|---|---|---|
| * | * | * | * | * | * | * |

Other parts of bicycles_____ 30% ad val.
– 1965, 1966, 1967
27% ad val.
– 1968
24% ad val.
– 1969"

Claimed:

Item 646.54, as modified, T.D. 68–9.
"Bolts, nuts, studs and studding, * * * of base metal:
Of iron or steel:
Bolts and bolts and their nuts imported in the same shipment____ 0.5¢ per lb. –
1965, 1966, 1967
0.4¢ per lb. –
1968, 1969"

Item 646.75, as modified, T.D. 68–9.
"Bolts, nuts, studs * * * of base metal:

|  |  |  |  |  |  |  |
|---|---|---|---|---|---|---|
| * | * | * | * | * | * | * |

Of other base metal:
Bolts, nuts, * * *:

|  |  |  |  |  |  |  |
|---|---|---|---|---|---|---|
| * | * | * | * | * | * | * |

Other:
Having shanks, threads, or holes not over 0.24 inch in diameter_____ 23.5% ad val.
– 1965, 1966, 1967
21% ad val.
– 1968
18.5% ad val.
– 1969"

From a factual standpoint it is not disputed that the spokes and nipples are used exclusively in the manufacture and repair of bicycle wheels. The spoke may be described as a pin or rod with a head at one end and a screw thread at the other end. The nipple serves to join the spoke to the wheel rim and to hold the wheel rim in place in relation to the wheel hub. The spoke is inserted into the rim and then

assembled to the nipple by screwing on the nipple which is inserted through the rim.

At the trial, a witness for the plaintiff described the function of the spokes and nipples in joining and holding in place the hub and the rim of the bicycle wheel. The wheel utilized for the demonstration was stated to be a 28-spoke wheel. When asked to identify the parts of the bicycle wheel introduced into evidence as plaintiff's collective exhibit 1, plaintiff testified that "the whole thing is a coaster brake hub, spoke, nipple, and a rim, or bicycle rim." In answer to a question whether he would call "the whole thing a wheel", he replied: "A wheel, a complete bicycle wheel, less tire and tube."

It may be stated at the outset that the presumption of correctness which surrounds the classification of the customs officials attaches to every subsidiary fact necessary to support that classification. *United States* v. *New York Merchandise Co., Inc.*, 58 CCPA 53, C.A.D. 1004, 435 F.2d 1315 (1970) ; *Novelty Import Co, Inc.* v. *United States*, 53 CCPA 28, C.A.D. 872 (1966). Thus, the classification that is contested in this litigation carries with it the presumptively correct finding that the spokes and nipples at bar are not bolts and nuts as claimed In essence, therefore, the question presented is whether plaintiff has borne its burden of proof that the spokes and nipples at bar are bolts and nuts, as claimed rather than parts of bicycles, as classified.

It is plaintiff's contention that the common and commercial meanings of the terms bolts and nuts are the same, and that the merchandise at bar should therefore have been held dutiable under the appropriate tariff provisions that cover bolts and nuts. Since the merchandise consists of spokes and nipples, plaintiff urges that the spokes are within the common meaning of the term bolts, and that the nipples are within the common meaning of the term nuts. Consequently, plaintiff asserts that, by virtue of General Interpretative Rule 10(ij), the spokes are to be classified under the *eo nomine* provision for bolts, and the nipples under the *eo nomine* provision for nuts. In summary, it is plaintiff's contention that although the merchandise is described generally as parts of bicycles, the spokes are more specifically provided for under item 646.54 as bolts, and the nipples are more specifically provided for under item 646.75 as nuts.

Rule 10(ij) declares that:

> "a provision for 'parts' of an article covers a product solely or chiefly used as a part of such article, but does not prevail over a specific provision for such part."

The defendant does not quarrel with the principle of interpretation that is set forth in the quoted interpretative rule. Presumably, therefore, the question presented for adjudication would not have arisen

were the tariff schedules to contain provisions specifically covering bicycle spokes and nipples.

Defendant contends that plaintiff has not established its case since there are no *eo nomine* provisions which cover spokes and nipples. Furthermore, although defendant agrees that the tariff provisions for bolts and nuts include all forms of the articles, it maintains that spokes and nipples are not bolts and nuts "or any form thereof." Hence, the defendant concludes that since the imported articles are not specifically named, plaintiff's reliance upon rule 10 (ij) is misplaced.

The defendant indicates that plaintiff has demonstrated that there are certain limited similarities between spokes and nipples and bolts and nuts. This, however, states the defendant, does not mean that plaintiff has proven that spokes and nipples are a form of bolts and nuts. The defendant, on the other hand, has shown numerous dissimilarities between the imported merchandise and articles that it terms "properly nuts and bolts." In particular, defendant indicates that whereas nuts and bolts are fastening devices, the nipples and spokes are structural elements of the wheel. Also, whereas one nut and one bolt serve to fulfill the function of fastening, "nipples and spokes must be used as a set with other nipples and spokes, in order to become functional." Basically, it is defendant's position that a "mere resemblance and a sharing of certain similarities does not make one article a form of another article."

The defendant cites the case of *Lannom Manufacturing Co.* v. *United States*, 55 Cust. Ct. 86, C.D. 2556 (1965), where softballs were held not to be within the *eo nomine* provision for baseballs, but rather were held to be dutiable as "* * * other balls * * * not wholly or in chief value of rubber". The court, in the *Lannom* case, indicated that a softball, regardless of similarities or dissimilarities, was not a baseball. In the language of the court:

> "The rule of construction that an *eo nomine* designation, absent contrary intent or construction, includes all forms of the article named has as a prerequisite the showing that the particular merchandise is so named.* * *" 55 Cust. Ct. at 91–92.

Proceeding from the reasoning of the *Lannom* case, the defendant observes: "Clearly, a softball resembles closely a baseball, far more so than spokes and nipples resembles bolts and nuts."

No useful purpose will be served by covering well-traveled ground pertaining to the meaning of nuts and bolts within the intendment of the tariff laws. The *eo nomine* provision for "bolts" has been adequately treated in the case of *John L. Westland & Son, Inc., a/c Michael & Co.* v. *United States*, 42 Cust. Ct. 229, C.D. 2091 (1959). In the *Westland* case, the court, in the absence of a showing that the

commercial meaning of the word "bolt" differed from the common meaning, held that "stove bolts less nuts" were *bolts* within the provision of the tariff act which covered "bolts, with or without threads or nuts * * *".

The common meaning of the term "bolts" has likewise been considered by this court, *Heads & Threads, Inc.* v. *United States*, 64 Cust. Ct. 104, C.D. 3966 (1970); *Heads and Threads, Division of MSL Industries, Inc.* v. *United States*, 60 Cust. Ct. 308, C.D. 3374, 282 F. Supp. 484 (1968); *Morris Supply Company* v. *United States*, 52 Cust Ct. 174, C.D. 2457 (1964).

From the *Morris Supply* case it is pertinent to quote the following statement:

> "The common meaning of the word 'bolt' is a matter of law to be determined by the court. The testimony on the subject is merely advisory and not binding upon the court, which may draw upon common knowledge or resort to any relevant authority which may serve as a guide to judicial understanding.* * * " 52 Cust. Ct. at 176.

The cited cases contain a number of lexicographic definitions of bolts that need not be repeated here. Suffice it to say that, in every case where the merchandise was held dutiable under the *eo nomine* provision for "bolts", it was clearly included within the pertinent definitions. Indeed, although the particular merchandise may have had a special name or description, it was also known as a "bolt". For example, in the *Morris Supply* case the merchandise consisted of "head cap screws". It was clear, however, that cap screws were also known as "bolts" and were defined in *Webster's New International Dictionary of the English Language* (1929) as "a headed bolt used without a nut; a tap bolt." The court indicated that even though the merchandise was "designated by name as a screw, i.e., a 'cap screw,' by definition, it is a bolt." 52 Cust. Ct. at 178. It therefore held that the importations were properly dutiable under the *eo nomine* provision for "bolts".

In *Heads and Threads* [C.D. 3374], the merchandise consisted of "hex head bolts" which were sold as "hex head cap screws". The court in that case considered the holding in *Morris Supply*—"that the common meaning of 'bolts' includes 'cap screws' " as controlling and found the merchandise properly classifiable under the *eo nomine* provision for "bolts" in paragraph 330 of the Tariff Act of 1930, as modified. In another *Heads and Threads* case, 61 Cust. Ct. 244, C.D. 3588 (1968), the parties stipulated that the items in controversy "consist of bolts similar in all material respects to those involved in *Heads and Threads*, * * * C.D. 3374." In view of the stipulation, and on the authority of the prior case, the court held the merchandise to be dutiable as "bolts". 61 Cust. Ct. at 245.

In *Heads & Threads, Inc.* v. *United States*, 64 Cust. Ct. 104, C.D. 3966 (1970), the question presented pertained to the proper classification of "socket head cap screws". This 1970 case was essentially a retrial of the issue presented in *Heads and Threads, Division of MSL Industries, Inc.* v. *United States*, 60 Cust. Ct. 308, C.D. 3374, 282 F. Supp. 484 (1968). The court noted that plaintiff purchased the merchandise in issue as steel bolts or socket head bolts, and stated that:

> "* * * there is no material difference between the hexagon head cap screws involved in C.D. 3374 and the socket head cap screws now before us."

The court considered the *Morris Supply* case, and the *Heads and Threads* [C.D. 3374] case, to be "controlling precedents that cap screws are within the common meaning of 'bolts' ". It therefore held that the socket head cap screws were dutiable under the tariff provision which covered "bolts".

Reference may be made to two additional cases. In *Winter, Wolff & Co., Inc.* v. *United States*, 54 Cust. Ct. 173, C.D. 2528 (1965), hinge-hanger bolts, used to fasten gates to gateposts, were held to be "bolts" within the *eo nomine* provision therefor. The hinge-hanger bolts were used for the same type of fastening function as toggle bolts which admittedly were classified under the *eo nomine* provision for "bolts".

In *A. L. Liebman & Son, Inc.* v. *United States*, 65 Cust. Ct. 85, C.D. 4059 (1970), the imported fasteners were used to join the frame of a redwood chair to a metal "spring assembly" to make the seat. Although they had no threads and were not used with a nut, they were invoiced and known as "steel spade bolts". Hence, the court held that they fell within the common meaning of the term "bolts" and were classifiable under the *eo nomine* provision.

In the present case reference has been made to *Glossary of Terms for Mechanical Fasteners* of the American Society of Mechanical Engineers and the Society of Automotive Engineers, and the *Fastener Standards*, 5th edition, of the Industrial Fasteners Institute. Although plaintiff seems to rely upon these sources, the defendant indicates that "although hundreds of types of nuts and bolts are categorized therein, by size, shape, use, and otherwise, spokes and nipples are conspicuously absent from both reference works." Specifically, the defendant points out that although the *Fastener Standards* and the *Glossary* list many types of bolts and nuts, such as bossed head bolt, body bolt, drive bolt, heavy hex flat jam nut, large flange nut, hex castle nut, "nowhere, however, does one find a 'spoke bolt' of a 'nipple nut.' " Defendant concludes that the "obvious reason for this is that, as noted by defendant's witnesses, they are different items of commerce."

Based upon the foregoing, the defendant contends that spokes and

nipples are not within the common meaning of bolts and nuts, and that they are "distinct items of commerce, apart from bolts and nuts."

The defendant has submitted the written testimony of three witnesses, experts in the fastener and bicycle parts industries, that spokes and nipples are not within the common meaning of bolts and nuts. Plaintiff's efforts to show the contrary have not been persuasive. For example, plaintiff asserts that in the *Morris Supply* case and the *Heads and Threads* cases this court held that "articles were adjudged describable and dutiable as bolts notwithstanding the fact that they were known in the fastener industry as capscrews." Plaintiff neglects to state that the articles in the cited cases were also known in the trade as hexagon headed machine *bolts*, finished hex head *bolts* and head *bolts*. Not only were they known as bolts, but they are also defined as bolts in *Webster's Dictionary* and in the *Fastener Standards*. This surely can not be said of the spokes and nipples at bar.

The applicability of General Interpretative Rule 10(ij) assumes the existence of a "specific provision" which covers the "part" of the particular article. Admittedly, there are no specific provisions in the tariff schedules which cover spokes and nipples. Since the court has found that they are not bolts and nuts within the claimed provisions, rule 10(ij) does not apply to the case at bar.

Plaintiff has not succeeded in establishing that the spokes and nipples were erroneously classified. The previously cited cases as well as the applicable judicial precedents, pertaining to the law of "parts", demonstrate clearly that the bicycle spokes and nipples, the subject of the present litigation, were correctly classified as parts of bicycles under item 732.36 of the Tariff Schedules of the United States. See cases cited in *Vilem B. Haan et al.* v. *United States*, 67 Cust. Ct. 104, C.D. 4260 (1971), and *Warshawsky & Company* v. *United States*, 70 Cust. Ct. 75, C.D. 4410 (1973).

In view of the foregoing the claims for classification under items 646.54 and 646.75 are overruled. Judgment will issue accordingly.